UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SCHWEIGER,

        Plaintiff,

v.

        Case Number 11-15345
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

CORRECTIONAL MEDICAL SERVICES,
INCORPORATED, PRISON HEALTH
SERVICES, INCORPORATED, JEFFREY
C. STIEVE, MARVIN KEELING, and
PAIN MANAGEMENT COMMITTEE,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING IN PART REPORTS AND RECOMMENDATIONS, OVERRULING IN PART PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT, AND CONTINUING REFERENCE ORDER

    Plaintiff Timothy Schweiger is a prisoner confined currently by the Michigan Department of Corrections at the Macomb Regional Corrections Facility. He filed a complaint in this Court under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment based on medical treatment he received for cervical radiculopathy while confined the Mid-Michigan Regional Correctional Facility in St. Louis, Michigan. The Court referred this case to Magistrate Judge Michael J. Hluchaniuk for pretrial management. Thereafter, defendants Jeffrey C. Stieve and the Michigan Department of Corrections Pain Management Committee (PMC) filed a motion for summary judgment and to dismiss. Judge Hluchaniuk filed a report on August 15, 2012 recommending that the motion be granted. Before that report was filed, defendants Prison Health Services (PHS) and Correctional Medical Services' (CMS) filed motions to dismiss. Judge Hluchaniuk filed a report

on February 13, 2103 recommending that those motions be granted. The plaintiff filed timely objections, and the matters are before the Court for *de novo* review.

The magistrate judge summarized the facts of the case as set out in the plaintiff's complaint. The parties are fully aware of the claims and allegations on which they are based, and the facts need not be repeated in detail here. In essence, the plaintiff underwent surgical cervical fusion with a bone graft while he was a prison inmate. His complaint focuses on his post-surgical care, which, he claims, has not addressed adequately his chronic and intractable pain. Prison doctors have prescribed various medications, and there apparently has been some disagreement among them as to the types and dosages of the medicine. The plaintiff also has asked for another surgery, but the prison system's contract medical provider, defendant PHS, has not approved that request. The plaintiff alleges that the defendants are penurious, and their decisions are governed by a profit motive instead of concern for the medical needs of prisoners, including him. Although that may well be true, the plaintiff has not pleaded facts that show a violation of the Eighth Amendment. Nor has he shown that he is an intended beneficiary of the agreement between the contract medical providers and the prison system. Therefore, the Court will grant the defendants' motons.

**The reports and recommendations**

On the first motion for summary judgement and to dismiss, the magistrate judge concluded that because the PMC is an administrative unit of the MDOC, the plaintiff's claim is barred by the Eleventh Amendment. He also found that the plaintiff's claim against defendant Stieve in his official capacity must be dismissed because the Eleventh Amendment bars actions for money damages against state employees in their official capacities. He concluded that Stieve is entitled to qualified immunity on the claims against him in his individual capacity because the plaintiff did not

make out a constitutional violation. Finally, the magistrate judge concluded that the claim against defendant Stieve based on *respondeat superior* cannot survive.

On the motions to dismiss by CMS and PHS, the magistrate judge found that the plaintiff failed to exhaust administrative remedies against CMS on all but one of the claims against it. As to the merits of the claims, the magistrate judge believed that the complaint's allegations were sufficiently non-conclusory on the existence of a custom or policy of denying medical care to save money, but because the complaint demonstrates that the plaintiff has received regular and consistent medical treatment for his back pain, the allegations show only a disagreement with the scope of the treatment decisions, which is not sufficient to show deliberate indifference. Therefore, he recommended that the claims against CMS and PMS be dismissed.

**The plaintiff's objections**

The plaintiff filed fourteen objections to the first report. First, the plaintiff objects to the report and recommendation based on the grounds set forth in his original brief, and states that a dismissal should not be with prejudice, as a higher court should be permitted to review this Court's decision.

Second, the plaintiff objects to the magistrate judge's conclusion that defendant Stieve did not make decisions regarding the plaintiff's care; he says that is controverted by Stieve's signature on a progress note or chart review, and documentation that Stieve made specific treatment recommendations of drug therapies and ordered prescriptions for Tegretol and Pamelor.

Third, the plaintiff objects that because defendant Stieve is the chair of the PMC, any statement or action by the PMC should be attributed to defendant Stieve.

Fourth, the plaintiff objects that the PMC's recommendation on December 21, 2010 that the plaintiff's medication remain unchanged should be attributed to defendant Stieve personally.

Fifth, the plaintiff objects that the PMC's failure to recommend changes in the plaintiff's medication after Dr. Keeling's consultation request should be attributed to defendant Stieve.

Sixth, the plaintiff objects that he cannot understand and respond to the magistrate judge's legal arguments with respect to the standard of review and Eleventh Amendment immunity without the assistance of legal counsel.

Seventh, the plaintiff objects that he has not been provided with documents from the defendants that are necessary to prove his case.

Eighth, the plaintiff objects that the magistrate judge failed to consider his argument as to why defendant Stieve is not entitled to Eleventh Amendment immunity. The plaintiff points out that the Eleventh Amendment does not bar suits for injunctive or declaratory relief against state officials in their official capacity.

Ninth, the plaintiff objects that the magistrate judge's report and recommendation is contradictory, as on the fourth page it states that Stieve did not make any decisions regarding the plaintiff's care and on the tenth page it states that Stieve made recommendations to a treating medical practitioner regarding the plaintiff's care and agreed to make dosage modifications.

Tenth, the plaintiff objects to the magistrate judge's finding that Stieve was not deliberately indifferent.

Eleventh, the plaintiff objects that the fact that his pain was never managed does not constitute a disagreement with the course of treatment provided, but instead a failure to treat.

Twelfth, the plaintiff objects that supervisor liability under section 1983 should not be confused with *respondeat superior* and argues that defendant Stieve's admissions show his participation and knowledge.

Thirteenth, the plaintiff objects that the series of reviews of the plaintiff's condition by the PMC demonstrate that the plaintiff repeatedly and continually complained of severe pain, and contends that this should support a finding of inadequate medical treatment.

Fourteenth, the plaintiff objects that it is clearly a constitutional right to be free from excruciating and debilitating pain. He contends that the failure to mitigate this pain is not merely a disagreement with the course of treatment pursued, but instead a violation of his constitutional rights.

The plaintiff filed five objections to the report on the CMS's and PHS's motions to dismiss. First, the plaintiff states that the central issue is that CMS provided inadequate care and enacted policies that amount to deliberate indifference. The plaintiff states that he was not granted a cervical fusion until he completely lost the use of his right hand and arm, and that nothing was done for the plaintiff's lumbar and knee injuries.

Second, the plaintiff objects that the fact that he continues to suffer from extreme pain demonstrates that he has been deprived of his Eighth Amendment rights. The plaintiff argues that any doctor would testify that nerve damage can be permanent if not properly treated and that the plaintiff's disabilities are excruciating, satisfying the objective component of the test. The plaintiff states that the subjective component is established by the fact that the defendants have not sought effective treatment for the plaintiff but instead have continually decreased his treatment due to the implementation of cost-saving policies.

Third, the plaintiff argues that he has not received regular and consistent medical treatment; he asserts that although he is seen by health care, the defendants are taking away the plaintiff's medications and accommodations even though he has been diagnosed as needing them. The plaintiff argues that the fact that he has had appointments does not demonstrate that he has been receiving care. The plaintiff states that he has been taken off of medications due to side effects, and he has been denied a lower bunk, cane, and knee brace. He does not disagree with the treatment he received; he disagrees with the diminishment in his treatment.

Fourth, the plaintiff argues that the defendants have breached their contract to provide medical services, where they have promised to help the prison population, of which he is a part.

Fifth, the plaintiff states that he was not granted legal counsel and is therefore unable to respond adequately to the report in the short time granted to him.

**Discussion**

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file

specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The magistrate judge set forth the correct standards for adjudicating motions for summary judgment and to dismiss. Applying those standards, the Court concludes that the magistrate incorrectly found that the complaint against defendant Stieve in his official capacity should be dismissed on Eleventh Amendment grounds; the plaintiff seeks injunctive relief and therefore dismissal on that basis would be improper. However, the magistrate judge's determination that the complaint sets forth nothing more than a disagreement about the course of the plaintiff's treatment is correct. Taking the allegations of the complaint as true, the plaintiff has received regular care for his back pain; his only complaint is that he disagrees with the doctors' prescriptions for the medications to control his pain, and he complains that they are ineffective. Because a disagreement with the course of treatment provided is insufficient to state a claim for deliberate indifference, the Court must find that the plaintiff's complaint fails to state a claim. The plaintiff's other objections as to the timing of the defendants' motion and his lack of an attorney lack merit.

For these reasons, the plaintiff's complaint fails to state a claim for relief for a constitutional violation under 42 U.S.C. § 1983. In addition, the plaintiff has not pleaded sufficient facts to support a third-party beneficiary breach of contract claim, as the plaintiff has not pleaded that the contracts between MDOC and CMS and PHS contain an express promise to act for the benefit of the plaintiff. The plaintiff's allegations do not demonstrate that he is anything more than an incidental beneficiary of those contracts.

**The August 2012 report and recommendation**

The plaintiff's objections to the first report and recommendation can be grouped into six categories. First, in objections one and eight, the plaintiff refers to arguments in his original brief, including arguments as to Eleventh Amendment immunity. Second, in objections three, four, and five, the plaintiff argues that references to actions taken by the PMC should be construed as actions taken by defendant Stieve. Third, in objections two, nine, and twelve, the plaintiff challenges the magistrate judge's conclusion that defendant Stieve was not involved personally with the plaintiff's care. Fourth, in objection six, the plaintiff states that he cannot object effectively without the assistance of an attorney. Fifth, in objection seven, the plaintiff says that he has not been provided with any discovery in this case. Finally, in objections ten, eleven, thirteen, and fourteen, the plaintiff argues that his complaint demonstrates that his constitutional rights were violated and that the case is not a mere disagreement over the course of treatment provided.

The plaintiff's first objection, stating merely that he relies on his initial brief, is the sort of overly general objection that does not satisfy the objection requirement. *Spencer*, 449 F.3d at 725. The plaintiff also argues in his first objection that the dismissal should be without prejudice to permit appellate review, but a dismissal with prejudice does not foreclose appellate review.

**Eleventh Amendment Immunity**

The plaintiff's argument that the Eleventh Amendment does not bar suits for declaratory or injunctive relief against state officials in their official capacity has merit. State sovereign immunity as recognized by the Eleventh Amendment does not extend to suits against state officials seeking to enjoin violations of federal law. *Ex parte Young*, 209 U.S. 123, 159-160 (1908). A plaintiff can "avoid[] this sovereign immunity bar by suing for injunctive or declaratory relief, rather than

monetary relief." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 n.1 (6th Cir. 2004) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989)). To determine whether a claim for such relief avoids sovereign immunity, "'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). The plaintiff's complaint plainly alleges an ongoing violation of his constitutional rights under the Eighth Amendment. Although the Eleventh Amendment bars claims for money damages against state employees in their official capacities, the plaintiff's claim for injunctive relief against defendant Stieve in his official capacity will not be dismissed on Eleventh Amendment grounds.

### Attribution of PMC Actions to Defendant Stieve

The plaintiff contends that the PMC's denial of Dr. Potts's February 29, 2010 appeal, the PMC's December 21, 2010 recommendation that the plaintiff's medications remain unchanged, and the PMC's failure to recommend changes in response to Dr. Keeling's March 9, 2011 consultation request should be attributed to defendant Stieve. The plaintiff's complaint does not state that Stieve was involved in those decisions, instead stating that they were made by the PMC, which suggests an allegation of vicarious liability.

"[A]llegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute 'only for their own unconstitutional behavior.'" *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). The "mere

failure to act" is not enough; "the supervisors must have actively engaged in unconstitutional behavior." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (citation and quotation marks omitted). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of the individuals who directly committed the offense. *Combs*, 315 F.3d at 558.

The plaintiff's suggestion that the actions of the PMC should be attributed to defendant Stieve because he is the chair of that committee is simply an argument that defendant Stieve should be held liable under a *respondeat superior* theory. That clearly is not the law. Even accepting all of the allegations in the plaintiff's complaint as true, the plaintiff has not demonstrated that Stieve either encouraged those decisions or directly participated in them.

The question remains whether Stieve can be held liable for the actions of the PMC in his official capacity. "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Although personal liability in a section 1983 action may be premised on a finding that a defendant deprived the plaintiff of a federal right under color of law, "[m]ore is required in an official-capacity action." *Ibid*. "[A] governmental entity is liable under § 1983 only when the entity

itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." *Ibid.* (internal quotations and citations omitted). The plaintiff has not alleged that the actions of the PMC were taken pursuant to a policy, practice, or custom of denying necessary medical care. Therefore, the plaintiff's official capacity claim against defendant Stieve in his capacity as head of the PMC must fail.

**Defendant Stieve's Alleged Personal Involvement**

In his objections challenging the magistrate judge's conclusion that defendant Stieve was not personally involved with the plaintiff's case, the plaintiff points to progress notes signed by Stieve and decisions made by the PMC concerning the plaintiff's medication. The plaintiff argues that the report and recommendation contradicts itself; on page four, it states that Stieve asserts that he made no decisions on the plaintiff's case but on page ten it states that he made recommendations and dosage modifications. The plaintiff asserts the fact that Stieve was aware of the plaintiff's pain and participated in his care.

The plaintiff's assertion that the report contradicts itself is incorrect. On page four of the report, the magistrate judge stated that *Stieve* asserts that he did not make any decisions regarding the plaintiff's case, while on page ten the magistrate judge outlined the extent of Stieve's involvement in the plaintiff's case. The magistrate judge did not conclude, as the plaintiff argues, that Stieve was not personally involved in the plaintiff's care. Instead, he found that Stieve was not deliberately indifferent to the plaintiff's medical condition and could not be held liable under a *respondeat superior* theory for actions taken by the PMC with which he was not involved. The petitioner's objection that Stieve actually was involved with his care therefore does not contradict the magistrate judge's findings.

**Lack of an Attorney**

The plaintiff's contention that he cannot respond adequately to the report and recommendation without the assistance of counsel does not undermine the report itself. "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The plaintiff's lack of legal counsel is not a sufficient basis upon which to overrule the magistrate judge's report and recommendation.

**Discovery**

The plaintiff states that he was waiting for discovery to open prior to seeking to compel the defendants to produce documents, and because he has not received any discovery, he does not have the names of the individual members of the PMC. The Sixth Circuit has held that "summary judgment is improper if the non-movant is not afforded a sufficient time for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *see also Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). However, "[t]he non-movant bears the obligation to inform the district court of its need for discovery . . . . Thus, before a summary judgment motion is decided, the non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) [now Rule 56(d)] that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch*, 280 F.3d at 627. "If he does neither, '[the Sixth Circuit] will not normally address whether there was adequate time for discovery.'" *Ibid*. (quoting *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1994)).

It is true that in this case the defendants' motion for summary judgment was filed soon after the plaintiff's complaint was filed and the plaintiff had little time to conduct discovery. However,

the plaintiff did not file either an affidavit under Rule 56(d) or a motion seeking additional discovery. In addition, although the motion for summary judgment was filed on February 1, 2012, the plaintiff was granted until April 19, 2012 to respond to the motion. Therefore, the plaintiff had more than two months to seek discovery. Nor did the plaintiff raise any argument about his failure to obtain discovery in his response to the defendants' motion. Moreover, the magistrate judge took the facts of the case from the plaintiff's complaint and credited those facts as true.

### Whether the Complaint States a Claim

At the heart of the plaintiff's objections is his contention that his complaint demonstrates that his constitutional rights were violated and states more than a mere disagreement over the course of treatment provided. The plaintiff states that defendant Stieve and the PMC permitted the plaintiff to suffer for years from debilitating pain despite the plaintiff's request for help to control his pain.

The Eighth Amendment secures protection against deliberate indifference to the serious medical needs of convicted persons. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under that amendment, "[t]he test to determine whether [a defendant] acted with 'deliberate indifference' has an objective and subjective component." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). To succeed on a claim of deliberate indifference, the plaintiff must offer evidence on both components: the objective serious medical need, and the defendant's subjective deliberate indifference to it. *Farmer*, 511 U.S. at 834. In this case, there is no dispute that the plaintiff has a serious medical need; the question is whether the complaint establishes the subjective component of his deliberate indifference claim.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk

to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). Deliberate indifference is the "equivalent of recklessly disregarding [a substantial risk of serious harm to a prisoner]." *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008)). However, the Sixth Circuit also held that "less flagrant conduct may also constitute deliberate indifference in medical mistreatment cases." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). "[G]rossly inadequate medical care" qualifies. That occurs when medical treatment is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id*. at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). A prisoner who is allowed to suffer pain needlessly when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). However, there is a distinction between a complete denial of medical care and allegations of inadequate medical treatment. *Id*. at 860 n.5. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts generally are reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Ibid*. Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all. *Ibid*. But differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). "Deliberate indifference is not mere negligence," *Watkins v. City of Battle Creek*, 273 F.3d 682, 686

(6th Cir. 2001), and mere allegations of malpractice are insufficient to state a claim, *Estelle v. Gamble*, 429 U.S. 97, 106 (1986).

Accepting as true the facts contained in the plaintiff's complaint, after the plaintiff's surgery on October 3, 2008, the PMC has taken the following actions with respect to the plaintiff's back pain: on January 7, 2009, the PMC prescribed Excedrin, 300 milligrams of Neurontin, 100 milligrams of Ultram, and a formulary non-steroidal anti-inflammatory (NSAID); on June 17, 2009, the PMC responded to a request for reevaluation of the plaintiff's pain medication and prescribed Tylenol, a formulary NSAID, 50 milligrams of Pamelor, and Titrate; in June 2009, the PMC denied a request to appeal the June 17, 2009 plan; on October 21, 2009, the PMC reduced the dosages of some of the medication; and the PMC reviewed the plaintiff's medication in March 2010, January 2011, and June 2010 . The only action taken by defendant Stieve was on November 24, 2009, when he prepared a progress note in which he agreed that the plaintiff's pain was controlled under the current medication regimen but decreased the plaintiff's Tegretol and increased his Pamelor dosages. According to the complaint, then, the plaintiff was given a variety of pain medications, and his medications and dosages were reviewed regularly by the PMC. The complaint states that the prescribed pain medication is ineffective — that is, the plaintiff disagrees with the appropriateness of the treatment that he has received. But such a disagreement does not state a claim for deliberate indifference.

**The February 2013 report and recommendation**

The plaintiff's objections to the second report and recommendation fall into three categories. First, in objections one, two, and three, the plaintiff essentially argues that his complaint states a claim for deliberate indifference against both CMS and PHS. Second, in objection four, the plaintiff

contests the magistrate judge's finding that he is not a third-party beneficiary of the contracts between MDOC and CMS and PHS. Third, in the fifth objection, the plaintiff states that he cannot object effectively without the assistance of an attorney.

**Adequacy of the Complaint**

The gravamen of the plaintiff's objections to the second report is his insistence that the complaint states a claim for deliberate indifference by CMS and PHS because those entities did nothing for the plaintiff's lumbar and knee injuries, have not provided the plaintiff with effective pain medication, and have decreased the plaintiff's medications and other accommodations, all based on their profit-based policy.

As an initial matter, the plaintiff's objections contain allegations that are not contained in the complaint and were not presented to the magistrate judge, namely, the allegations that the plaintiff's lumbar and knee injuries were ignored and that he has been denied a lower bunk, cane, and knee brace. Therefore, the Court will not consider those allegations in ruling on the defendants' motions to dismiss. *Murr v. United States*, 200 F.3d 895, 900 n.1 (6th Cir. 2000). More fundamentally, as discussed above, the petitioner's complaint boils down to his contention that the pain medication he has been prescribed is ineffective, that is, that he disagrees with the propriety of the treatment he has received. But according to the complaint, the plaintiff has been provided regular care for his back problems: surgery in October 2008, a pain control regimen that has undergone regular reevaluation, a TENS unit (a transcutaneous electric nerve stimulation unit, which uses electric current to reduce pain), and at least eight appointments with physicians to address the plaintiff's back pain since October 2008. As the plaintiff himself admits in his objections, since the plaintiff was taken off of Ultram and Neurontin, "the defendants have tried many ineffectual medications"

and taken the plaintiff off those medications when they had unacceptable side effects. Pl.'s Obj. 79 at 5. The fact that the plaintiff's medical providers have tried a number of different medications and rejected those that caused bad side effects suggests that the plaintiff has received care, not that the defendants are deliberately indifferent to the plaintiff's medical needs. The plaintiff's complaint reveals that he has received regular care for his back problems; that care cannot be considered so inadequate as to constitute no care at all. The plaintiff's complaint alleges no more than a difference in judgment between the plaintiff and prison medical personnel over the appropriate medical treatment for the plaintiff's back pain. Those allegations are insufficient to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55.

**Third-Party Beneficiary**

The plaintiff contends that in their contracts with the MDOC, defendants CMS and PHS promised to care for the Michigan prison population, of which he is one. PHS responds that the plaintiff is merely an incidental beneficiary of the contract.

Under Michigan law, a person who is not a party to a contract cannot enforce that contract unless "the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person." Mich. Comp. Laws § 600.1405. "[T]o create a third-party beneficiary, a contract must expressly contain a promise to act to benefit the third party." *White v. Taylor Distributing Co., Inc.*, 289 Mich. App. 731, 734, 798 N.W.2d 354, 356 (2010). A non-party to a contract cannot maintain an action for breach merely because he would receive a benefit from the performance of the contract or because he is injured by a breach. Where the contract is primarily for the benefit of the contracting parties, the mere fact that a third person would be incidentally

benefitted does not give him the right to sue for breach. *Dynamic Constr. Co. v. Barton Malow Co.*, 214 Mich. App. 425, 428, 543 N.W.2d 31, 33-34 (1995).

No one in this case has furnished the Court with a copy of MDOC's contract with either PHS or CMS; nor do those contracts appear to be publicly available. PHS has filed an addendum to its contract with MDOC that states "Nothing in this Contract will be construed as creating or giving rise to any rights in any third parties or any persons other than the parties herein." Def. PHS's Mot. to Dismiss Ex. A. But that addendum is dated December 1, 2011 and therefore does not cover the entire period at issue in this case.

Courts in this state have been reluctant to treat prisoners as third-party beneficiaries of contracts between MDOC and medical service providers. *See Caruthers v. Correctional Med. Servs.*, No. 1:10-cv-274, 2011 WL 6402278, at *9 (W.D. Mich. Dec. 21, 2011); *Russell v. Tribley*, No. 10-14824, 2011 WL 4387589, at *8 n.2 (Komives, M.J.), *magistrate judge's report adopted*, 2011 WL 4396784 (E.D. Mich. Sept. 21, 2011); *Haithcox v. Geriner*, No. 06-11756, 2010 WL 1292712, at *5-6 (E.D. Mich. Mar. 15, 2010) (stating that "engrafting a third party beneficiary theory in what is at its core an Eighth Amendment deliberate indifference claim would be an end run around the vicarious liability rule of *Monell* . . ."); *Price v. Caruso*, No. 1:09-CV-102, 2009 WL 4823865, at *1 (W.D. Mich. Dec. 9, 2009). The Michigan Court of Appeals has not ruled on this issue. *See Moffat v. Prison Health Services, Inc.*, Nos. 205651, 305715, 2012 WL 4039711 (Mich. Ct. App. Sept. 13, 2012) (declining to rule on whether a prisoner plaintiff stated a claim for breach of contract as a third-party beneficiary). The plaintiff has not alleged, either in his complaint or his objections, that MDOC's contract with either CMS or PHS contains an express promise to act for the benefit of the plaintiff or the class of MDOC prisoners in general. The plaintiff has alleged that

the defendants entered into contracts to provide adequate health care to the prison population. But that does not establish that the plaintiff was anything more than an incidental beneficiary of those contracts; it is insufficient to demonstrate that the plaintiff may sue for breach of contract as a third-party beneficiary. The plaintiff's objection should be overruled.

**Conclusion**

A prisoner who receives *some* medical care faces a difficult task to show that his custodians were deliberately indifferent to his serious medical needs. The allegations in this case are that the plaintiff underwent surgery to address back pain, he suffered from pain after the surgery, the defendants prescribed various medications to address his complaints, and despite those medications his pain continued. Even if true, those facts do not show that the defendants violated the Eighth Amendment. The plaintiff's third-party beneficiary contract theory is a non-starter. The magistrate judge correctly concluded that defendants' motions should be granted. It appears that a defendant remains in the case and has filed a dispositive motion. Therefore, the case will be returned to the magistrate judge.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations [dkt. #51, 75] are **ADOPTED**, and the plaintiff's objections [dkt. #55, 79] are **OVERRULED**.

It is further **ORDERED** that the defendants' motions to dismiss or for summary judgment [dkt. #12, 26, 31] are **GRANTED**.

It is further **ORDERED** that defendant CMS's motion to dismiss for failure to prosecute [dkt. #60] is **DENIED as moot**.

It is further **ORDERED** that the motion to dismiss for failure to prosecute by defendants PHS and Marvin Keeling [dkt. #64] is **DENIED IN PART as moot** as to defendant PHS **only**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt. #7] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 19, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---