UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY SCHWEIGER, | Case No. 11-15345 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| CORRECTIONAL MEDICAL SERVICES, INC., PRISON HEALTH SERVICES, INC., PAIN MANAGEMENT COMMITTEE, JEFFREY C. STIEVE, and MARVIN KEELING, | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 80)

On December 6, 2011, plaintiff Timothy Schweiger filed a prisoner civil rights complaint against Correctional Medical Services, Inc. ("CMS"), Prison Health Services, Inc. ("PHS"), Jeffrey C. Stieve, Marvin Keeling, and Pain Management Committee. (Dkt. 1). On December 16, 2011, this case was referred to the undersigned for all pretrial purposes by District Judge David M. Lawson. (Dkt. 7). On February 1, 2012, defendants Jeffrey C. Stieve and the Michigan Department of Corrections Pain Management Committee ("PMC") filed a motion for summary judgment and to dismiss. (Dkt. 12). On March 26, 2012, defendant CMS filed a motion to dismiss (Dkt. 26), and on April 11, 2012, defendant PHS filed a motion to dismiss. (Dkt. 31). On August 15, 2012, the undersigned

1

recommended that defendants' Stieve and PMC's motion be granted because plaintiff's claims against the PMC, and defendant Stieve in his official capacity, are barred by the Eleventh Amendment, defendant Stieve is entitled to qualified immunity on plaintiff's claims against him in his individual capacity because plaintiff failed to make out a constitutional claim, and plaintiff's claim against defendant Stieve based on *respondeat superior* fails. (Dkt. 51). On February 8, 2013, the undersigned recommended that defendants' PHS and CMS's motions to dismiss be granted because plaintiff's allegations show only a disagreement with the scope of the medical care he received, which is insufficient to show deliberate indifference, and thus plaintiff's claims fail. The undersigned also found that plaintiff's third party beneficiary claims fail because he has not shown that he is an intended beneficiary of the agreement between the contract medical providers and the prison system. (Dkt. 75). These recommendations were adopted by the District Court on March 19, 2013. (Dkt. 90).

Now, the remaining defendant, Dr. Marvin Keeling, has filed a Motion to Dismiss Based Upon the Reasoning Outlined in the Report and Recommendation of the Magistrate [Dkt. No. 75]. (Dkt. 80). In the view of the undersigned, the claims against the remaining defendant, Dr. Keeling, should be dismissed for the same reasons set forth in the February 8, 2013 report and recommendation, given that nothing in the complaint suggests that the claims against Dr. Keeling should be

analyzed differently.

For these reasons, the undersigned **RECOMMENDS** that defendant Dr. Keeling's motion to dismiss be **GRANTED** and that the remainder of plaintiff's complaint be **DISMISSED** with prejudice. The undersigned further **RECOMMENDS** that defendant Dr. Keeling's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41 (Dkt. 64), plaintiff's Motion for the Appointment of Counsel (Dkt. 68), Plaintiff's Motion to Compel (Dkt. 72), CMS's Motion to Adjourn Case Management Order Dates (Dkt. 85), and CMS's Motion to Enforce Magistrate Judge's Order [Dkt. 57] or to Dismiss Plaintiff's Action Pursuant to Fed. R. Civ. P. 37(B)(2), (Dkt. 86) be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 1, 2013　　　　　　　　　　s/Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on April 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Brian J. Richtarcik, Matt H. Wesorick, Randall A. Juip, Kimberley A. Koester, Ronald W. Chapman, and Kevin R. Himebaugh, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Timothy Schweiger, ID# 465397, MACOMB CORRECTIONAL FACILITY, 34625 26 Mile Road, New Haven, MI 48048.

　　　　　　　　　　　　　　　　　　　s/Tammy Hallwood
　　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　　(810) 341-7887
　　　　　　　　　　　　　　　　　　　tammy_hallwood@mied.uscourts.gov

4